■ In the Matter of the Claim of JOHNNIE M. CAVER, Respondent. NEW YORK TELEPHONE COMPANY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Decision affirmed, without costs. No opinion. Sweeney, J. P., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). Claimant was employed by the employer until February, 1982 when her name was removed from the payroll, retroactive to January 15, 1982. Claimant was dismissed for failure to provide medical substantiation of the need for a disability leave of absence. In August, 1981, claimant applied for an anticipated disability leave of absence on the basis of pregnancy. This leave of absence was to begin on September 1, 1981 with an approximate date of delivery of October 1, 1981. Claimant began her leave as scheduled and at that time acknowledged that the employer gave her two forms to be filled out by her doctor and returned to the employer. One form was to be returned early in the leave to substantiate claimant's pregnancy and the second was to substantiate its termination, before her return to work. Claimant failed to have these forms completed. Thereafter, around January 8, 1982, claimant informed her supervisor that she was ready to return to work. Claimant's supervisor testified that when she asked if claimant had given birth, claimant responded that she had not. And, when asked if she had been pregnant, claimant said her doctor thought so, but that she had a tumor. Despite the fact that claimant had

violated the rule requiring her to submit medical documentation of both the fact of her pregnancy and its termination, the employer gave claimant additional time to obtain the required medical documentation. Concededly, claimant provided no medical documentation during this extension. Shortly after the extension period, a union steward gave claimant's supervisor a medical certificate from Caledonian Hospital regarding claimant. This document, which had obviously been tampered with, stated that on December 20, 1981 and again on February 9, 1982, claimant had been seen for "pregnancy disturbance". After receiving the note and observing that the word "pregnancy" therein had been written over another word, claimant's supervisor called Caledonian Hospital and was informed that claimant visited the hospital in September, 1981, and on the dates stated in the note, and had been treated for *menstrual* disturbance which had nothing to do with pregnancy or tumor. Based on the above, claimant was removed from the payroll. By initial determination, the Commissioner of Labor denied claimant unemployment benefits on the ground that she lost her employment through misconduct. Specifically, claimant failed to provide her employer with medical substantiation of her leave of absence. Claimant appealed and, after a hearing, the initial determination was reversed by an administrative law judge who concluded that claimant had not committed misconduct amounting to a disqualifying condition under the Unemployment Insurance Law. The board affirmed and this appeal by the employer ensued. The question presented on appeal is whether there is substantial evidence in the record to support the opinion of the administrative law judge, which was adopted by the board, that "[t]hrough confusion the claimant did not submit all the documentations [*sic*] required by the employer and she was terminated", and that under the circumstances, claimant's conduct did not rise to the level of misconduct. There is no evidence in the record to support this conclusion. First, evidence of confusion is simply not found in the instant record. Indeed, claimant in her brief admits that she never "expressly said she was confused about the rule". Moreover, the board's finding that because of confusion claimant "did not submit *all* the documentations [*sic*] required" (emphasis added) is not supported by the evidence. Specifically, this statement by the board implies that claimant submitted some required documentation and merely failed to submit other required documentation. However, all the evidence shows that claimant did not submit any of the required documentation. The board in its determination implicitly found that the Caledonian Hospital note was the only note received prior to claimant's dismissal. The board, however, found that this document was unclear and written over. Accordingly, this document cannot provide substantial evidence to support the board's finding that some of the required documentation was submitted to the employer.[*] Since the conclusion that claimant's conduct did not rise to the level of misconduct is based on a premise that is not supported by the board's own factual findings, its decision cannot stand. Claimant's unexcused failure to comply with a requirement to submit medical certification to document her period of absence constituted misconduct within the meaning of the Labor Law (see *Matter of Darrisaw [Levine]*, 51 AD2d 1098). Consequently, I would reverse and remit the matter to the board for further proceedings not inconsistent herewith.

---

[*] A note from one Dr. Hashimi could possibly have provided support for the board's finding of partial compliance. However, its decision forecloses the possibility of this note providing substantiation for this finding since the board implicitly found that this note was not submitted to the employer prior to her termination. The record supports this determination.